Joseph G. Rosania, Jr., United States Bankruptcy Judge
An individual debtor is ineligible for relief under Chapter 13 if such debtor's secured debts exceed $1,184,200.00 or unsecured debts exceed $394,725.00. Due to these debt limitations, in recent years, a growing number of professionals, entrepreneurs, and high net-worth individuals have sought relief under Chapter 11 to restructure their personal finances and maintain control of their businesses and investments. An individual Chapter 11 case is not merely a large Chapter 13. To the contrary, individual Chapter 11 cases present complex challenges and encapsulate the Chapter 11 doctrines of absolute priority and new value.
ISSUES
James Michael Summers ("Debtor") filed a voluntary Chapter 11 bankruptcy petition on October 13, 2016. Thereafter, he filed his Plan of Reorganization Dated April 19, 2018 (the "Plan;" Doc. No. 89).[1]
*709 The confirmation issues the Court must determine are whether the Plan satisfies the absolute priority rule and whether the Debtor can retain his interest in property of the estate by providing new value.
BACKGROUND
The Debtor's Schedule E/F reflects a total of $450,479.00 in unsecured debt. According to the claims filed in this case, the Debtor's unsecured debt includes, but is not limited to, a priority unsecured claim held by Rachelle A. Summers ("Ms. Summers") in the amount of $45,112.22 (Claim No. 6-1), and a non-dischargeable claim for a student loan held by the U.S. Department of Education in the amount of $114,555.61 (Claim No. 4-1).
Under the Plan, Ms. Summers's claim comprises Class 8, and the Plan provides for treatment of her claim in accordance with the settlement agreement attached as Exhibit C to the Plan. Class 7 consists of all unsecured claims other than Ms. Summers's claim. The Plan provides for total payment of $30,000.00 in satisfaction of Class 7 claims (i.e., approximately a 7% distribution). Both Class 7 and Class 8 are impaired under the Plan.
The Plan also states the following:
Class 9 includes the Interests of the Debtor in his property. Class 9 is unimpaired by this Plan. On the Effective Date of the Plan Class 9 shall retain its interests in all assets owned prior to the Confirmation Date. If confirmation of this Plan is sought pursuant to 11 U.S.C. § 1129(b), all property of the Debtor which is property of the Debtor's bankruptcy case as of the Effective Date of the Plan shall remain property of the estate during the term of the Plan .
VIII § 8.1 (emphasis added).
The Court held a hearing on confirmation of the Plan on August 28, 2018 (the "Confirmation Hearing"). No objections to confirmation were filed. The Debtor, with counsel, appeared at the Confirmation Hearing and represented that only two impaired classes of creditors voted on the Plan. Specifically, Class 8 voted to accept the Plan, and Class 7 voted to reject the Plan. According to the Summary of Voting Results, only two creditors in Class 7 voted on the plan: Feldman Nagel, LLC, with a claim of $14,867.16, voted to accept the Plan, and the U.S. Department of Education, with its claim of $114,55.61, voted to reject the Plan (Doc. No. 113). The Debtor argued that, notwithstanding a dissenting class of creditors, the Plan can be confirmed under § 1129(b).
The Debtor's arguments in support of confirmation under § 1129(b) were twofold. First, the Debtor argued that the absolute priority rule is not at issue in this case because the Debtor will not receive or retain any property under the Plan. The Plan provides that all the Debtor's property which is property of the estate as of the effective date of the Plan will not revest in the Debtor upon confirmation. Rather, said property will remain property of the estate during the term of the Plan.
Alternatively, the Debtor argued that even if the Court finds that the Debtor is receiving or retaining property under the Plan, the Plan can be confirmed using the concept of new value. The Debtor contends that because the property does not revest in the Debtor but instead remains property of the estate during the term of the Plan, this contribution constitutes new value. According to the Amended Disclosure Statement (Doc. No. 102) which was previously approved by this Court (Doc. No. 106), the assets in this case are valued at *710 $705,944.00, without accounting for liens and exemptions.
At the close of the Confirmation Hearing, the Court ordered (Doc. No. 117) that on or before September 14, 2018, the Debtor should file (i) authority supporting his arguments in favor of confirmation; or (ii) an amended Chapter 11 plan. On September 12, 2018, the Debtor filed the Brief in Support of Plan Confirmation Under 11 U.S.C. § 1129(b) (Doc. No. 119). No amended plan was filed.
ANALYSIS
I. The Plan does not comply with the absolute priority rule.
Section 1129 of the Bankruptcy Code sets forth the general requirements for confirmation of a Chapter 11 plan. Section 1129(a) allows for confirmation where each impaired class of creditors consents. Alternatively, § 1129(b) provides a "cram-down" mechanism that allows for confirmation without the consent of each impaired class if, among other things, the plan is "fair and equitable."
Section 1129(b)(2) outlines the criteria that must be satisfied for a plan to be deemed fair and equitable. Among the criteria is the absolute priority rule, which "requires that certain classes of claimants be paid in full before any member of a subordinate class is paid." Richard M. Allen v. Geneva Steel Co. (In re Geneva Steel Co.) , 281 F.3d 1173, 1181 n. 4 (10th Cir. 2002). This requirement is codified in § 1129(b)(2)(B)(ii), which, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), provides that:
the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property, except that in a case in which the debtor is an individual, the debtor may retain property included in the estate under section 1115 ....
11 U.S.C. § 1129(b)(2)(B)(ii) (emphasis added).
Section 1115, added by BAPCPA, in turn states the following:
(a) In a case in which the debtor is an individual, property of the estate includes, in addition to the property specified in section 541-
(1) all property of the kind specified in section 541 that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first; and
(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first.
(b) Except as provided in section 1104 or a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate.
11 U.S.C. § 1115.
Section 1141 governs the effect of confirmation. Under § 1141(b), "[e]xcept as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. § 1141(b).
In the years following BAPCPA, a significant split of authority developed among courts regarding the effect of its amendments on the absolute priority rule where a Chapter 11 debtor is an individual. See e.g. , Dill Oil Co., LLC v. Stephens (In re Stephens) , 704 F.3d 1279 (10th Cir. 2013) (collecting cases and analyzing the dual views of the applicability of the absolute priority rule in individual Chapter 11 cases). In Stephens , the Tenth Circuit declined *711 to find that the BAPCPA amendments eliminated the absolute priority rule as applied to an individual's entire estate. See id. at 1287. Rather, the Court agreed with the view that the amendments can be best understood as preserving the status quo. See id. at 1286. To wit, only the post-petition property which § 1115 adds to an individual Chapter 11 debtor's estate is exempt from the absolute priority rule, but the absolute priority rule continues to apply to the pre-petition property defined by § 541. See id. at 1285. In so holding, the Court reversed the bankruptcy court's order confirming a Chapter 11 plan that allowed two individual debtors to "retain possession and control of their property." See id. at 1282.
The Plan in the present case attempts to circumvent the absolute priority rule by providing that, contrary to § 1141, "all property of the Debtor which is property of the Debtor's bankruptcy case as of the Effective Date of the Plan shall remain property of the estate during the term of the Plan." Thus, the Debtor contends that he will not receive or retain any property under the Plan on account of his interest (which is junior to that of Class 7). However, the Plan also provides that the Debtor will remain in possession of his assets, including his pre-petition property that falls within the purview of § 541. The Debtor maintains that his continued possession of property is not a result of the Plan, but rather by operation of § 1115. But this is a distinction without a difference. Here, as in Stephens , the Plan runs afoul of the absolute priority rule because it allows the Debtor to "retain possession and control" of prepetition property notwithstanding a senior dissenting class of creditors.
Nonetheless, the Debtor argues that if the absolute priority rule is implicated, which the Court finds that it is, the Plan can still be confirmed under the concept of new value.
II. The Debtor's proposed contribution does not satisfy the requirements of the new value exception.
The new value exception allows courts to find that an interest holder in a Chapter 11 debtor whose plan violates the absolute priority rule may in some circumstances retain the interest because they provide "new value" to the debtor, in the form of new capital or similar contributions. CRE/ADC Venture 2013, LLC v. Rocky Mountain Land Co., LLC (In re Rocky Mountain Land Co., LLC), 2014 WL 1338292 at *15 (Bankr. D. Colo., Apr. 3, 2014) (citations omitted). New value contributions must be substantial, necessary to the success of the reorganization, and equal to or exceeding the value of the retained interest in the estate. Unruh v. Rushville State Bank of Rushville, Mo. , 987 F.2d 1506, 1510 (10th Cir. 1993) (citing Case v. Los Angeles Lumber Prod. Co. , 308 U.S. 106, 122, 60 S.Ct. 1, 10, 84 L.Ed. 110 (1939).
Because the new value exception was developed with corporate debtors in mind, courts have struggled to apply the exception in the context of individual Chapter 11 cases. In re Rogers , No. 14-40219-EJC, 2016 WL 3583299, at *9 (Bankr. S.D. Ga. June 24, 2016) ; see also In re East, 57 B.R. 14 (Bankr. M.D. La. 1985) ("[i]t is easier in a corporate context to consider the concept of the injection of outside capital; when an individual is involved, it is difficult to imagine the source of such funds: perhaps a relative or friend might make a gift; perhaps there are other sources"). Indeed, some courts have expressed doubt as to whether the new value exception should ever apply to individual Chapter 11 debtors. See e.g. , *712 In re Harman , 141 B.R. 878, 887 (Bankr. E.D. Pa. 1992) (noting that the new value exception should not be extended to individual Chapter 11 debtors "very far, if at all"). Courts that have applied the new value exception in this context have emphasized that, for individual Chapter 11 debtors to meet the requirements of new value, the contribution must come from a source other than the debtor. See e.g., In re Rocha, 179 B.R. 305, 307 (Bankr. M.D. Fla. 1995) ("The difficulty with extending the new value exception to an individual is that the new value must come from an 'outside' source, meaning it cannot come from the [d]ebtor himself."); In re Cipparone, 175 B.R. 643, 643 (Bankr. E.D. Mich. 1994) ("The court holds that the 'new value' exception to the absolute priority rule is inapplicable because the proposed contribution comes from the debtors themselves rather than from an outside source.").
The proposed contribution in the present case comes from the Debtor, not an outside source. The Debtor proposes to contribute "all property of the Debtor which is property of the Debtor's bankruptcy case as of the Effective Date of the Plan" (emphasis added). Therefore, to the extent that the new value exception applies in individual Chapter 11 cases, the Court finds that the Debtor has failed to satisfy the requirements of the exception.
CONCLUSION
The Court finds that the Plan does not comply with the absolute priority rule. The Court further finds that, to the extent that the new value exception applies in individual Chapter 11 cases, the Debtor has failed to satisfy the requirements of the exception. The Debtor's attempt to circumvent the absolute priority rule by manipulating whether property of the estate revests in him upon confirmation is an effort which, if permitted, would be an exception that swallows the rule.
Accordingly, it is
ORDERED confirmation of the Plan (Doc. No. 89) is denied.
IT IS FURTHER ORDERED that the Debtor shall file an amended Chapter 11 plan within 14 days from the date of this order, failing which the case will be dismissed.

As corrected by the Debtor's Notice of Filing of Errata to correct a typographical error in paragraph 2.26 of the Plan (Doc. No. 104).